UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

EDWARD RAY TROTTER                         CIVIL ACTION NO. 12-cv-0764

VERSUS                                      JUDGE STAGG

WARDEN, LOUISIANA STATE                    MAGISTRATE JUDGE HORNSBY
PENITENTIARY

## REPORT AND RECOMMENDATION

**Introduction**

Edward Ray Trotter ("Petitioner") was convicted by a Caddo Parish jury of distribution of cocaine. He was then charged with being a third-felony multiple offender, which would enhance the sentence he could receive for the cocaine conviction. He was found to be a third-felony multiple offender and sentenced to life imprisonment.

This court vacated the conviction and ordered a new trial based on a Batson claim. Trotter v. Warden, 718 F.Supp. 2d 746 (W.D. La. 2010). Petitioner then entered into a plea bargain with the State and agreed to plead guilty to one count of possession of cocaine and being a second-felony multiple offender. The trial judge imposed an agreed sentence of 30 years. The Department of Corrections (DOC) later determined that Petitioner was not eligible for parole because his criminal history included four felony convictions. Petitioner filed an application for post-conviction relief in which he argued that (1) his guilty plea was not knowingly and intelligently made because an agreement that he would be eligible for parole was not fulfilled and (2) defense counsel rendered ineffective assistance when he

persuaded Petitioner to plead guilty by telling him he would be eligible for parole. The state courts denied relief, and Petitioner now seeks federal habeas review of those claims. For the reasons that follow, it is recommended that the petition be denied.

**State Court Proceedings**

Several Louisiana criminal statutes, such as the one for armed robbery, provide that the sentence must be without benefit of parole. Other statutes, such as the one regarding burglary, prescribe a sentence but do not preclude the possibility of parole. If an offender's sentence does not preclude parole, eligibility is determined by the DOC pursuant to a complex statutory system including La. R.S. 15:574.4. That statute sets forth when a prisoner is eligible for parole depending on the nature of his offense, the length of his sentence, his criminal history, and other factors.

Generally, a prisoner is eligible for parole after his first felony after he serves one-third of his sentence. After a second felony conviction, a person is eligible after serving 50% of the sentence. "A person convicted of a third or subsequent felony offense shall not be eligible for parole." La. R.S. 15:574.4(A)(1)(a). Accordingly, one might be sentenced for burglary, which does not itself preclude parole, yet still be ineligible for parole because the burglary was a third or subsequent felony offense. A similar situation arose in this case.

Petitioner, represented by attorney Loyd Thomas, appeared in court before Judge Craig Marcotte and Assistant D.A. Dhu Thompson, a few days before a scheduled jury trial. The prosecutor stated that he had tendered an offer to allow Petitioner to plead guilty as charged to one count of possession of Schedule II drugs, crack cocaine, of more than 28

grams but less than 200 grams, for a sentence recommendation of 30 years hard labor, with credit for time served. Petitioner was also charged with a multiple offender bill that would enhance his sentence based on being a fourth-felony offender (which would require a life sentence). The prosecutor stated that he offered to allow Petitioner to plead to being a mere second-felony offender for the same sentence of 30 years hard labor, credit for time served, no further enhancements, and all other charges would be dismissed. Defense counsel stated that this was also his understanding. No other terms were described. Tr. 1097.

Petitioner was sworn and examined by the court. The judge reviewed his Boykin rights and the sentence he faced. The Louisiana statute for possession of cocaine, between 28 and 200 grams, provides for a sentence of "not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars." La. R.S. 40:967(F)(1)(a). The transcript of the guilty plea indicates that the judge advised Petitioner of this potential sentence but (apparently) mistakenly said that it would be "without benefit of probation, parole, or suspension of sentence." Tr. 1099.

Petitioner stated that he wanted to plead guilty because, "I'm guilty, sir." The prosecutor read a factual basis, and Petitioner agreed the facts were correct. The judge asked Petitioner if he had a chance to discuss with his attorney the nature of the charges "as well as what could happen to you." Petitioner said that he did. The judge then asked Petitioner if he had "any questions" for his attorney. There apparently was at least one question, as the transcript suggests that Petitioner and counsel conferred. The court asked if Petitioner's questions had been answered by his attorney, and Petitioner said that they had been. The

court accepted the guilty plea and then turned to the second-felony multiple offender enhancement.

The court advised that the multiple offender enhancement meant that Petitioner would face a potential sentence of between 15 and 60 years, although the court understood there was an agreement that Petitioner would plead in exchange for a sentence of 30 years. The judge carefully reviewed Petitioner's Boykin rights, heard a factual basis to which Petitioner agreed, and again offered Petitioner the chance to discuss the matter with his attorney. Petitioner and his attorney then held a discussion off the record, after which Petitioner told the judge that his questions had been answered. The judge asked if Petitioner had any more questions, to which he replied, "No, sir." The court asked if the attorney had discussed with Petitioner the nature of the case and the circumstances as well as the multiple offender bill. Petitioner said that his attorney had "done his job" and that Petitioner was satisfied because counsel had been truthful with him. Tr. 1101-1106.

It appears that the enhanced sentence that Petitioner faced would have been under La. R.S. 14:529.1(A)(1), which would prescribe a sentence of imprisonment of not less than one-half the longest term and not more than twice the longest term prescribed for the underlying cocaine conviction. The statute states in La. R.S. 14:529.1(G) that sentences imposed under "this Section shall be at hard labor without benefit of probation or suspension of sentence." It thus appears that the multiple offender statute would not call for the preclusion of parole. The judge stated, however, that Petitioner was sentenced to 30 years hard labor, credit for time served, and "[s]aid 30 years are without benefit of probation, parole, or suspension of

sentence." Petitioner was asked if he had any questions about the sentence, and he said he did not. Tr. 1107.

Things might have ended there, but the judge went on to state that it was his "understanding, under the habitual offender law, it's 30 years is without probation or suspension; however, you are eligible for parole at some point in time under the provisions of that; alright." The judge then asked Petitioner how much time he had served (11 years) and stated:

> You know, I don't know on the multi-bill, but they are eligible for probation unless it's a life sentence, because then you're not eligible for probation if its life. But under the statute, you know, it could be suspended or probated, but under the statute he's eligible for parole. So you could be - - heck, if you already spent 11 years, I mean, it may not be that much longer.

Defense counsel responded to this remark with: "It will be up to DOC." The judge agreed that the DOC would calculate the sentence, but if there had been a life sentence there would be no possibility of parole. There was then some discussion about changes in the statutes (which are frequent) and possible retroactivity. The judge then continued:

> So yeah, he still have been - - under the old statute, basically saying no parole. Well, this is probably - - you know, look, I don't know what DOC will do, but I - - and I don't know what the Board would do coming up, but under the statute, you're eligible for parole, so you never know."

Tr. 1108.

Petitioner was later advised by the DOC that he was ineligible for parole because he had been convicted of a third or subsequent felony offense. It did not matter whether he was eligible for parole based on the statutes on which he was sentenced. Petitioner then filed his

post-conviction application in state court. He acknowledged that the Supreme Court of Louisiana has held that the DOC is not bound by a district court's adjudication of a defendant's habitual offender status under La. R.S. 15:529.1 when the DOC is making a parole eligibility determination under La. R.S. 15:574.4. See Townley v. Department of Public Safety and Corrections, 681 So.2d 951 (La. 1996). See also Taylor v. Louisiana Dept. of Corrections, 2008 WL 2474656 (W.D. La. 2008). His approach was to argue that it had been part of his plea agreement that he would be a second-felony offender eligible for parole, that this agreement was breached, and he should be allowed to withdraw his plea. He also argued that defense counsel erroneously informed him that he would be eligible for parole.

Judge Marcotte denied the application. He first stated that a review of the minutes and sentencing transcript showed that the court sentenced Petitioner in accordance with the plea agreement. He then treated the application as complaining of an improper calculation of the sentence and stated that under La. R.S. 15:571.15 the proper venue to contest the DOC's computation of a sentence is in the district court in East Baton Rouge Parish. He dismissed the application without prejudice and advised that if, after Petitioner had contacted the proper East Baton Rouge authorities, "this matter is not remedied, the Court will revisit." Tr. 1114.

Petitioner applied to the Second Circuit Court of Appeal. The appellate court stated that Petitioner had been sentenced pursuant to the plea agreement to "30 years at hard labor without the benefit of probation or suspension of sentence." The sentence imposed by the trial court did not deprive [Petitioner] of the benefit of parole." (This statement appears to be in accordance with the statutes but in conflict with the trial court transcript.) The

appellate court then also directed Petitioner to seek relief in East Baton Rouge Parish if he contested the DOC's computation of his sentence. Tr. 1230. The Supreme Court of Louisiana denied a writ application without comment. Tr. 1324.

Petitioner followed the advice of the local courts and filed a proceeding in East Baton Rouge Parish. That court ruled that Petitioner had not properly exhausted his administrative remedies regarding the calculation of his sentence, which was required before it could conduct a review of the issue. The court nonetheless observed that Petitioner did not deny that he has four felony convictions, so he was ineligible for parole under Section 574.4 despite receiving an enhanced sentence based on an adjudication as a mere second offender. The court added that if Petitioner was arguing that he was entitled to withdraw his plea because he relied on the court or his lawyer's assurance that he would be eligible for parole as a second habitual offender, then his remedy was to file a post-conviction application in the parish of conviction. Tr. 1430-37.

Petitioner soon filed this federal habeas petition. He also returned to the Caddo district court and filed a motion for that court to revisit his application, as Judge Marcotte had said he would do if the East Baton Rouge authorities did not remedy the matter. Judge Marcotte summarily denied the application as repetitive. The appellate court disagreed and remanded for consideration on the merits. Judge Marcotte then reviewed the plea transcript and noted that he had advised Petitioner that his 30-year sentence would be without benefit of parole, which Petitioner said he understood. With respect to the claim of ineffective assistance of counsel, he stated that there was "no evidence that Petitioner's attorney gave

unreasonable advice." The state appellate court stated only: "On the showing made, this writ is hereby denied." The Supreme Court of Louisiana denied writs without comment.[1]

When the State filed its brief in this court, the merits of the motion to revisit were still pending before the state trial court. The state argued that the petition was, therefore, premature and that Petitioner should be required to exhaust his state court remedies before this court addressed the merits. Petitioner has since fully exhausted his state court remedies, and the claims are now ripe for decision on the merits.

**Claim One**

### A. Introduction

Petitioner's first claim is that his guilty plea was based on an agreement with the prosecutor that he would plead guilty as a second-felony offender and receive a sentence of 30 years, but his plea was not knowingly and intelligently made, and the agreement was not fulfilled, because he was not eligible for parole. The argument shifts between being a Boykin type claim and asserting that there was a lack of fulfillment of a plea agreement. Both theories will be reviewed.

### B. Voluntary Plea Requirements

Before a trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence," but not that he

---

[1] The motion to revisit and the subsequent state court rulings are not in the state court record that was filed by the District Attorney; they were generated after the record was filed. The motion and related rulings can be found as exhibits filed by Petitioner at Doc. 38-2.

understood the "technical legal effect" of the charges. Boykin v. Alabama, 89 S.Ct. 1709 (1969); James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995). A plea is involuntary, and thus insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." Henderson v. Morgan, 96 S.Ct. 2253, n. 13 (1976).

If other rights are addressed and the defendant understands the maximum prison term and fine for the offense, the guilty plea is knowingly entered. Ables v. Scott, 73 F.3d 591, 592 n. 2 (5th Cir.1996) (per curiam). A trial court is not required to inform a defendant regarding his parole eligibility. Le Blanc v. Henderson, 478 F.2d 481, 483 (5th Cir.1973); Walters v. Dretke, 2006 WL 1450408, *3 (N.D. Tex. 2006).

### C. Breached Plea Agreement

A breached plea bargain may also merit habeas relief. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495 (1971). A habeas petitioner who claims a breach of a plea bargain bears the burden of proving (1) exactly what the terms of the alleged promises were, (2) exactly when, where, and by whom such a promise was made, and (3) the precise identity of any eyewitnesses to the promise. Bonvillian v. Blackburn, 780 F.2d 1248, 1250-51 (5th Cir. 1986).

### D. AEDPA Review

These claims were adjudicated on the merits in the state court, so habeas relief is available only if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme

Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

A state court's decision is contrary to clearly established Supreme Court precedent when it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts. Pape v. Thaler, 645 F.3rd 281, 287 (5th Cir. 2011). A state court makes an unreasonable application of clearly established federal law when it identifies the correct governing legal principle from the Supreme Court's decisions but applies it to the facts in a way that is not only incorrect but objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855, 1862 (2010).

**E. Analysis**

Petitioner alleges that a plea bargain was breached, but he points to no evidence of any agreement other than the terms that were set forth on the record at his hearing. The terms of that agreement did not include any reference to parole eligibility. Petitioner has not, therefore, satisfied his burden of establishing a plea bargain that was breached.

He has also not demonstrated that his plea was involuntary. The judge thoroughly reviewed the charges and maximum sentences. He even made what appears to have been a mistaken representation to Petitioner that his sentence would be without benefit of parole (when the statutes to which he pleaded guilty did not themselves preclude parole). Petitioner,

after full consultation with his attorney, admitted his guilt and freely entered his plea. He never questioned the judge's statements that his sentence would be without benefit of parole.

It was only *after* Petitioner entered his guilty pleas and was sentenced, when the hearing was essentially over, that the trial judge engaged in some speculation about possible parole eligibility. What he said was correct, which is that the statutes under which Petitioner pleaded guilty would not prohibit parole, and that parole would have been prohibited had he been convicted as a fourth-felony habitual offender. The court was correct that "under the statute (to which he pleaded) he's eligible for parole," but he was also correct in saying, "I don't know what DOC will do." All of this discussion occurred after Petitioner had knowingly and intelligently entered his guilty plea and been sentenced, and Petitioner now seeks to take advantage of this post-plea speculation and turn it into a plea bargain. The record does not support his attempt. These claims lack merit.

**Ineffective Assistance of Counsel**

Petitioner claims that his counsel was ineffective because counsel misled Petitioner into believing that he would be eligible for parole if he accepted the plea offer. To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). To show prejudice in a guilty plea case "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S.Ct. 366, 370 (1985).

Petitioner's claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009).

"If this standard is difficult to meet, that is because it was meant to be." Harrington v. Richter, 131 S.Ct. 770, 786 (2011). Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system. Id. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id.

Petitioner has offered nothing but his conclusory assertions that counsel represented that Petitioner would be eligible for parole under the plea bargain. There is evidence that counsel and Petitioner conferred during the hearing on two occasions, but their discussions were not transcribed. Petitioner does not point to any letter, affidavit, or other evidence to support the assertion that counsel made such a representation.

What is in the record strongly undermines Petitioner's assertion. After the judge speculated about parole eligibility, defense attorney Thompson responded: "It will be up to DOC." Counsel was correct. Petitioner was not excluded from parole by virtue of the

statutes under which he was sentenced, but the DOC is tasked with determining parole eligibility. It determined that another statute, separate from the ones to which Petitioner pleaded guilty, prohibited him being granted parole because he had a criminal history that included three or more felony convictions. Petitioner has not come close to satisfying the burden necessary to overturn the state court's adjudication of the Strickland claim.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of January, 2015.

Mark L. Hornsby
U.S. Magistrate Judge